1  Erin E. McCracken (SBN #244523)
   DRINKER BIDDLE & REATH LLP
2  1800 Century Park East, Suite 1500
   Los Angeles, California 90067-1517
3  Telephone:  (310) 203-4000
   Facsimile:   (310) 229-1285
4  erin.mccracken@dbr.com

5  James M. Altieri (*Admitted Pro Hac Vice*)
   DRINKER BIDDLE & REATH LLP
6  1177 Avenue of the Americas, 41st Floor
   New York, New York 10036-2714

7  Attorneys for Plaintiff
8  NFC COLLECTIONS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NFC Collections LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>Helsing Releasing, LLC, Helsing Production Inc., Insight Film Studios, Ltd., Kirk Shaw, and Bank Leumi USA,<br><br>    Defendants. | Case No. 2:13-cv-07264-R-PJW<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF NFC COLLECTIONS LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF NFC COLLECTIONS LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ACTIVE/ 77031716.1

The Court, the Honorable Manuel L. Real presiding, having considered Plaintiff NFC Collections LLC's Notice of Motion for Partial Summary Judgment, Memorandum of Points and Authorities in support thereof, the concurrently filed Proposed Statement of Uncontroverted Facts and Conclusions of Law, the concurrently filed Declaration of Erin E. McCracken and exhibits thereto, Defendant Bank Leumi USA's ("Bank Leumi") opposition papers, and the relevant pleadings and papers on file with the Court, and having fully considered the law and the facts, hereby makes the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

1. Newbridge Film Capital LLC ("Newbridge") is a specialty finance company engaged primarily in the business of providing loans to independent film producers.

2. Plaintiff NFC Collections LLC ("NFC") is the successor in interest to Newbridge with respect to the claims and interests alleged by NFC in this action.

3. Defendant Bank Leumi USA ("Bank Leumi") is an indirect subsidiary of Bank Leumi le-Israel B.M., an Israeli corporation.

4. In 2008, Bank Leumi and Newbridge each made secured loans to Helsing Releasing LLC ("Helsing Releasing") and Helsing Productions Inc. ("Helsing Productions" and, together with Helsing Releasing, "the Helsing Entities") to help finance an independent parody horror film entitled Stan Helsing ("Stan Helsing" or the "Film").

5. On or about September 30, 2008, Bank Leumi entered into a Loan and Security Agreement (the "Leumi Loan Agreement") with the Helsing Entities pursuant to which it agreed to lend up to Five Million Five Hundred and Five Thousand Dollars ($5,505,000) (broken into United States and Canadian dollars), to fund the production, completion and delivery of the Film (the "Leumi Loan").

6. Under the Leumi Loan Agreement, the Helsing Entities granted Bank Leumi a security interest (the "Leumi Security Interest") in and to, *inter alia*, the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

NFC COLLECTIONS LLC'S [PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT
OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

ACTIVE/ 77031716.1

Film, all accounts and deposit accounts associated with the Film, all revenues, income, proceeds and profits derived from the production, release, sale, broadcast, transmission, reproduction or other exploitation of the Film, all cash, cash equivalents, notes or negotiable instruments evidencing a right to the payment of money, all rights to the Canadian Tax Credits and all proceeds of the foregoing (collectively, the "Collateral").

7. On or about September 30, 2008, Newbridge entered into a Loan and Security Agreement with the Helsing Entities (the "Newbridge Loan Agreement") pursuant to which it agreed to lend up to Three Million Four Hundred Thousand Dollars ($3,400,000) to fund the production, completion and delivery of the Film (the "Newbridge Loan"). The Leumi Loan Agreement was patterned after the Newbridge Loan Agreement, including, for example, similar conditions to the closing of the Loans, such as acceptable collateral, deposits from distributors, etc.

8. Under the Newbridge Loan Agreement, the Helsing Entities granted Newbridge a security interest (the "Newbridge Security Interest") in and to the Collateral.

9. In or about 2009, Kirk Shaw, a Canadian-based independent film producer, produced the Film through Insight Film Studios Ltd. ("Insight") and the Helsing Entities, all independent film production or post production services companies affiliated with Kirk Shaw.

10. The Film qualified for Canadian federal and provincial tax credits (collectively, the "Canadian Tax Credits") that, according to Shaw, had a value in excess of $1,000,000.

11. On or about September 30, 2008, Newbridge and Bank Leumi entered into an Intercreditor and Subordination Agreement (the "Intercreditor Agreement") that, *inter alia*, defined the rights and obligations of the respective lenders with regard to the Collateral and prescribed the manner in which proceeds derived from the Film would be divided and applied between them.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

2
[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF NFC COLLECTIONS LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ACTIVE/ 77031716.1

12. Paragraph 3(b) of the Intercreditor Agreement provides, in part, as follows: "Except as set forth in Section 4(d) below, the Newbridge Obligations are and shall be subordinate and junior in right of payment, to the extent and in the manner herein set forth, to the prior payment in full of the Leumi Obligations. . . . [A]ny payment of principal of, or interest on, the Loans or any other amounts with regard to any Newbridge Indebtedness received or collected by Leumi (or Newbridge) shall be allocated first entirely to the Leumi Indebtedness until the Leumi Repayment Date and only thereafter allocated to the Newbridge Indebtedness."

13. Under the Intercreditor Agreement, Bank Leumi was appointed as Collateral Agent for Leumi and Newbridge.

14. Paragraph 10 of the Intercreditor Agreement provides, in part, as follows: "The Borrower [Helsing Releasing, LLC and Helsing Productions Inc.] and Newbridge agree, and Leumi hereby acknowledges that, to the extent that Leumi holds, or a third party holds on its behalf, physical possession of or 'control' (as defined in the Uniform Commercial Code) over Collateral (including any securities accounts, deposit account and the Collection Account) pursuant to the Leumi Loan Documents, such possession or control is also for the benefit of Newbridge, and Leumi is hereby appointed as collateral agent for Newbridge solely to the extent required to perfect the Newbridge Security Interest in such Collateral. After the Leumi Repayment Date, Leumi shall promptly deliver to Newbridge (or a third-party designated by Newbridge), at the Borrower's sole cost and expense, the Collateral in its possession or control together with any necessary endorsements to the extent required by the Newbridge Loan Documents."

15. On December 3, 2012, counsel for Bank Leumi informed counsel for Kirk Shaw via e-mail that, as of December 4, 2012, "the Bank's [Leumi] payout amount is $504,296.23."

16. As of December 14, 2012, the Leumi Loan balance was then CAD

3
[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF NFC COLLECTIONS LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ACTIVE/ 77031716.1

1  $336,289.20 less a cash reserve held by the Bank of CAD $3,679.45, for a total
2  balance of CAD $332,609.75.

3      17.    On December 19, 2012, Bank Leumi received CAD $501,728.07 via
4  wire transfer from Kirk Shaw. Bank Leumi therefore received CAD $169,118.32
5  more than the outstanding balance on the Leumi Loan.

6      18.    On December 21, 2012, Bank Leumi sent a Leumi Termination Notice
7  re: "Stan Helsing" to Newbridge and NFC, which provides, in part, as follows:

8      19.    "This letter shall serve as the 'Leumi Termination Notice' pursuant to
9  the Intercreditor Agreement. . . . Please note that Leumi has reserved
10 approximately $120,000 for anticipated legal costs Leumi may incur as a result of
11 Newbridge threatening to bring legal action against Leumi for alleged breaches of
12 the Intercreditor Agreement. If this threat of litigation would be removed by
13 Newbridge giving to Leumi a full release from liability with respect to the
14 financing of 'Stan Helsing', Leumi would release this legal reserve to Newbridge."

15     20.    Bank Leumi never distributed any funds to Newbridge to reduce any
16 part of the balance of principal or interest owing under the Newbridge Loan
17 Agreement.

18     21.    Bank Leumi retained the CAD $169,118.32 on the claim that the
19 Intercreditor Agreement entitled it to withhold these funds as advances of
20 attorneys' costs to defend against any claims NFC might bring against Bank
21 Leumi.

22     22.    Despite timely demand, the Borrower has not paid any portion of
23 principal or interest owed under the Newbridge Loan Agreement.

## CONCLUSIONS OF LAW

25 The Court makes the following conclusions of law:
26     1.    Newbridge, NFC's predecessor-in-interest with respect to this claim,
27 and Bank Leumi entered into the Intercreditor Agreement, dated September 30,
28 2008 (the "Intercreditor Agreement"), which is a mutually enforceable, binding

Drinker Biddle &
Reath LLP
Attorneys At Law
Los Angeles

4
[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF NFC COLLECTIONS LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ACTIVE/ 77031716.1

contract

2. Newbridge, NFC's predecessor-in-interest with respect to this claim, fully performed its obligations under the Intercreditor Agreement.

3. Bank Leumi's failure to promptly pay over to Newbridge the CAD $169,118.32 collateral collected from the borrower after the Bank Leumi loan was paid in full constitutes an unexcused, material breach of Section 10 of the Intercreditor Agreement, which required Bank Leumi to promptly pay over such amounts to Newbridge upon termination of the Bank's duties as collateral agent, entitling NFC to recover breach of contract damages and interest thereon.

4. There exists no reasonable interpretation of the loan agreements that enabled Bank Leumi to create a reserve for legal fees and thereby withhold payment from NFC as required under the Intercreditor Agreement.

5. Bank Leumi's breach of the Intercreditor Agreement caused NFC to incur actual damages in the amount of CAD $169,118.32 plus interest theron. Under California Code of Civil Procedure section 3287(a), interest is calculated at 10 percent per annum and runs from the date of the breach, December 22, 2012, to the date of Court's Order granting partial summary judgment in favor of NFC. Accordingly, the interest due and owing is CAD $29,282.95.

IT IS SO ORDERED.

Dated: October 16, 2014

Judge Manuel L. Real
United States District Court Judge

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

5

[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF NFC COLLECTIONS LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ACTIVE/ 77031716.1