GIPSON HOFFMAN & PANCIONE
A Professional Corporation
KENNETH I. SIDLE (State Bar No. 48671)
KSidle@ghplaw.com
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone:  (310) 556-4660
Facsimile:   (310) 556-8945

Attorneys for Defendant
BANK LEUMI USA

FILED
CLERK, U.S. DISTRICT COURT
MAR - 4 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NFC Collections, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Helsing Releasing, LLC, Helsing Production Inc., Insight Film Studios, Ltd., Kirk Shaw, and Bank Leumi USA,<br><br>    Defendants. | CASE NO.: CV13-07264-MAN<br><br>BANK LEUMI'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DENIAL OF PLAINTIFF NFC COLLECTION LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Judge: Hon. Manuel L. Real<br>Place: Courtroom 8<br><br>Hearing Date: January 5, 2015<br>Trial Date:     March 17, 2015 |

The Court, the Honorably Manuel L. Real presiding, having considered Plaintiff NFC Collections LLC's ("Plaintiff" or "NFC") Notice of Motion for Partial Summary Judgment, and supporting papers and oral argument, and Defendant Bank Leumi USA's ("Defendant" or "Bank Leumi") opposing papers and oral argument, and having fully considered the law and the facts, hereby makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Section 4(d) of an Intercreditor and Subordination Agreement (the "Intercreditor Agreement") between Bank Leumi and Plaintiff's predecessor, Newbridge Film Capital LLC ("Newbridge") states, verbatim:

> Notwithstanding anything to the contrary set forth herein, the parties acknowledge that the required *deposits* in respect of the distribution agreements for the territories of CIS, Scandinavia and Portugal have not yet been paid. Due to the foregoing, Newbridge shall not agree that such distribution agreements are "Acceptable Distribution Agreements" (as such term is defined in the Leumi Loan Agreement) ***until such time, if ever, as the applicable distributors advance the required deposits*** to the Collection Account. In the event that any such distributor fails to pay the respective deposit thereunder, and no equivalent "Acceptable Distribution Agreement" approved by Newbridge and Leumi as a replacement sale for such territory has been made, the Newbridge Obligations shall be senior in right of payment to a portion of the Leumi Obligations in an amount equal to the amount of the Borrowing Base that Leumi has attributed to such distribution agreement (i.e., $311,868 in the case of CIS, $241,110 in the case of Scandinavia, and $91,980 in the case of Portugal; and, such amount, the "Leumi Subordinated Amount"), provided that all Leumi Obligations except for the Leumi Subordinated Amount shall have been repaid in full before the Newbridge Obligations shall be paid as set forth herein. (Emphasis added.)

2. This Section 4(d) recognizes that the deposits for a motion picture due from the distributors for CIS (Russia) and Portugal [and Scandinavia] "had not yet been paid," although past due and owing and not in compliance with the terms for an "Acceptable Distribution Agreement" under the Bank Leumi Loan definition of "Acceptable Distribution Agreement."

3. Subordination of Bank Leumi to Plaintiff's predecessor, Newbridge, is tied only to payment of the deposit value by the distributors for the territories of each of CIS and Portugal.

4. Distribution agreements for CIS and Portugal require payment of 20 percent of a minimum guarantee, as a deposit value.

5. Nowhere in Section 4(d) of the Intercreditor Agreement is subordination tied to full payment of the minimum guarantee payment for CIS or Portugual.

6. It is undisputed that at the time Newbridge and Bank Leumi entered into the Intercreditor Agreement, the distributors for CIS and Portugal had not yet made the required pre-delivery deposits, but they ultimately did pay the required deposit values in late 2009 and early 2010.

7. Specifically, the distributor for CIS paid $48,500 on August 20, 2009; $20,000 on December 3, 2009; and $156,500 on March 2, 2010, totaling $225,000, which was more than the required deposit value of 20 percent.

8. The distributor for Portugal paid $10,000 on September 29, 2009 and $25,000 on January 13, 2010, totaling $35,000, which also exceeds the required deposit value of 20 percent for that territory.

9. It is a reasonable interpretation of the express terms of the Intercreditor Agreement that Section 4(d) requires only payment of the required deposits and requires payment prior to delivery to the distributors.

10. Moreover, the pre-delivery deposit referred to in Section 4(d) of the Intercreditor Agreement means sums payable by a distributor under the terms of its applicable distribution agreement, prior to delivery of motion picture materials to that particular distributor.

11.   Defendant has produced competent evidence that the distributors for CIS and Portugal paid the required deposits before the film was delivered to the distributors, as required by the Leumi loan agreement.

## CONCLUSIONS OF LAW

The Court makes the following conclusions of law:

12.   On a motion for summary judgment, the Court must find that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c).

13.   The Court must view the evidence on the motion in the light most favorable to the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).

14.   As the party with the burden of persuasion at trial, Plaintiff must establish beyond controversy every essential element of its claim (in this case purported breach of contract). *Southern Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

15.   In interpreting contract terms, the words used in the contract are given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself, and if a contract is capable of two different reasonable interpretations, the contract is ambiguous, and summary judgment must be denied. *Oceanside 84, Ltd. v. Fidelity Fed. Bank*, 56 Cal.App.4th 1441, 1448, 66 Cal.Rptr.2d 487 (1997); *National Union Fire Ins. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983).

///
///
///
///
///
///

16. It is a reasonable interpretation of the express terms of the Intercreditor Agreement that Section 4(d) requires only payment of the required deposits and requires payment prior to delivery to the distributors. Therefore, there are triable issues of material fact and summary judgment is not proper here.

IT IS SO ORDERED.

Dated: March 4, 2015

Judge Manuel L. Real
United States District Court Judge